IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIK BEY | : | |
|    *Petitioner*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO.: 21-941 |
| | : | |
| MICHAEL CLARK, *et al.*, | : | |
|    *Respondents*. | : | |

**ORDER**

AND NOW, on this 5th day of August, 2021, upon careful and independent consideration of Malik Bey's Petition for Writ of Habeas Corpus (ECF No. 1), the Response in Opposition thereto (ECF No. 4), and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey (ECF No. 5), Petitioner's Objections to said Report and Recommendation (ECF No. 6), and Respondents' Response in Opposition to said Objections (ECF No. 8), it is hereby ORDERED as follows:

1. Petitioner's Objections (ECF No. 6) are OVERRULED in their entirety.[1]

---

[1] In 1992 or 1993, Malik Bey ("Petitioner") assisted in the robbery of a 53 years old on her porch. After the robbery, Petitioner splashed her with gasoline and set her on fire, resulting in her death days later. Though sixteen (16) or seventeen (17) at the time of his crimes, he was sentenced to life imprisonment without the possibility of parole for first-degree murder. Pursuant to Pennsylvania's Post-Conviction Relief Act, on September 27, 2018, Petitioner's sentence was vacated, and after a hearing, the Honorable Jeffrey Minehart imposed a new sentence of 27 years-to-life. In light of this new sentence, Petitioner filed a Petition for Writ of Habeas Corpus (ECF No. 1) [hereinafter Habeas Petition] on February 28, 2021. This Court referred Petitioner's Habeas Petition to United States Magistrate Judge Elizabeth T. Hey for a Report and Recommendation (ECF No. 2) [hereinafter R&R], which this Court considers herein. The Court has thoroughly reviewed Petitioner's Habeas Petition, all briefing related thereto, Judge Hey's R&R (ECF No. 5), Petitioner's Objections to said R&R (ECF No. 6), and Respondents Response in Opposition to Petitioner's Objections (ECF No. 8). For the reasons that follow, this Court finds that Petitioner advances no meritorious objections to the R&R. As such, the R&R is approved and adopted in its entirety, and Petitioner's Habeas Petition is denied.

The Court reviews *de novo* those portions of the R&R to which the objections relate. 28 U.S.C. § 636(b)(1)(C). "However, courts have found that objections that merely rehash arguments made in the petition and that are properly addressed by the magistrate judge are not entitled to *de novo* review." *Gonzalez v. Dist. Atty. Of Berks Cty.*, No. 20-CV-789, 2021 WL 928376, at *1 n.1 (E.D. Pa. March 11, 2021). "Although [the] review is *de novo*, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." *Sileo v. Rozum*, No. 12-CV-3803, 2015 WL 744820, at *11 (E.D. Pa. Nov. 24, 2014) (internal citation omitted).

    2.    The Report and Recommendation (ECF No. 5) is APPROVED and ADOPTED.

---

Petitioner presents two (2) objections to Judge Hey's R&R. First, he claims that the Pennsylvania Superior Court's ruling was an unreasonable application of federal law (an argument raised in his initial habeas petition), and second, because Respondents never interposed an Antiterrorism and Effective Death Penalty Act ("AEDPA") objection, such an objection is waived. Objections 2. Despite one of these objections being raised in his initial petition, the Court will review them both as if both were proper objections.

This Court can only grant a writ of habeas corpus if the state court's decision is contrary to or involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). This requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Here, Petitioner claims it was objectively unreasonable for the Pennsylvania state court to fashion an allegedly non-individualized sentence of 27 years-to-life at his resentencing considering the Supreme Court's holding in *Miller*. Objections 4. In *Miller v. Alabama*, the Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison *without the possibility* of parole for juvenile offenders." 567 U.S. 460, 479 (2012) (emphasis added). In January 2015, the Supreme Court found that "*Miller* announced a substantive rule that is retroactive in cases on collateral review." *Montgomery v. Louisiana*, 577 U.S. 190, 205 (2016). Earlier this year, the Supreme Court reiterated that that *Miller* "allowed life-without-parole sentences for defendants who committed *homicide* when they were under 18, but only so long as the sentence is not mandatory—that is, only so long as the sentencer has discretion to 'consider the mitigating qualities of youth' and impose a lesser punishment." *Jones v. Mississippi*, 141 S. Ct. 1307, 1314 (2021) (quoting *Miller*, 567 U.S. at 476). While the rationale behind *Miller* encourages individualized resentencing of youths with life without parole sentences, the Supreme Court "left unanswered the question of whether a life sentence with the possibility of parole offends the evolving standards it is discerning." *Batts I*, 66 A.3d 286, 296 (Pa. 2013). Here, strictly reading the dicta of the United States Supreme Court, the Pennsylvania Superior Court held that a juvenile life sentence *with* the possibility of parole was not contrary to *Miller*. Especially when juveniles can still be sentenced to life-without parole as long as youth is considered a mitigating circumstance, such rationale is not unreasonable, and this Court cannot grant a writ of habeas corpus as to Peititoner's first objection. Such a conclusion is consistent with other holdings from this District. *See Twiggs v. Pa. Bd. of Prob. & Parole*, No. 20-CV-3683, 2021 WL 1979558, at *1 (E.D. Pa. May 18, 2021) (rejecting *Miller* challenge to negotiated sentence of 35 years-to-life because "defendant is not serving a mandatory life sentence without parole."); *Gonzalez*, 2021 WL 928376, at *1 n.1 (affirming the Magistrate's proposed R&R that a sentence of 34 years-to-life does not violate *Miller* because the inmate "would be eligible for parole after thirty-five years.").

Turning to Petitioner's section objection, he argues that Judge Hey's R&R does not consider whether Respondents waived any AEDPA objections. Objections 2. While it is true that this was not an argument mentioned in Judge Hey's R&R, such analysis was unnecessary when Respondents did not waive any such objection. "One of AEDPA's most notable innovations was § 2254(d), which effectively requires federal habeas courts to accord state court criminal convictions a sort of deference." Evan Tsen Lee, *Section 2254(d) of the Federal Habeas Statute: Is It Beyond Reason?*, 56 Hastings L.J. 283 (2004-2005). Respondents cite directly to 28 U.S.C. § 2254(d) in both their legal standards section and further discuss the statute's applicability throughout their briefing. *See* Response in Opposition, ECF No. 4, 3-4, 6-7. Accordingly, the Court need not consider the merits of any such objection further.

Having found no merit to either of Petitioner's objections, the Court sees no basis upon which to abrogate any portion of Judge Hey's R&R. Accordingly, the Court adopts the well-reasoned R&R in its entirety, and Petitioner's Habeas Petition is denied.

3. The Petition for Writ of Habeas Corpus is DENIED WITH PREJUDICE and DISMISSED without an evidentiary hearing; and,

4. There is no probable cause to issue a Certificate of Appealability.

The Clerk of Court is directed to CLOSE this case for statistical and all purposes.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II   J.